UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EVEREST INDEMNITY INSURANCE COMPANY,<br><br>PLAINTIFF,<br><br>v.<br><br>KATES DETECTIVE & SECURITY SERVICES AGENCY, INC., KATES DETECTIVE & SECURITY SERVICES AGENCY AND SPECIAL EVENTS SERVICES, INC., THE CHICAGO HOUSING AUTHORITY AND ANTHONY FERNANDEZ<br><br>DEFENDANTS. | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Everest Indemnity Insurance Company ("Everest"), by and through its undersigned attorneys, and for its Complaint for Declaratory Judgment against Defendants, Kates Detective & Security Services Agency, Inc., Kates Detective & Security Services Agency And Special Events Services, Inc. (collectively, the "Kates Defendants"), the Chicago Housing Authority ("CHA"), and Anthony Fernandez, states as follows:

**INTRODUCTION**

1.      This lawsuit concerns an insurance coverage dispute between Everest, the Kates Defendants and the CHA regarding an underlying lawsuit involving alleged security guard operations at the premises known as the Britton Budd Apartments located in Chicago, Illinois (the "Britton Apartments").

2.      Everest issued a commercial general liability policy to certain Kates Defendants, under which the CHA seeks a defense for the underlying lawsuit captioned, *Fernandez v. Chicago*

*Housing Authority*, No. 2025 L 007849 (Cir. Ct. Cook Cnty., Ill.) (the "Fernandez Lawsuit").

3. The Everest Policy (defined below) includes a Designated Security Operations Exclusion that states insurance does not apply to "bodily injury" arising out of operations involving "[g]overnment-owned housing, government-subsidized housing or government-sponsored housing, including but not limited to housing made available under Section 8 of the Housing and Community Development Act of 1974, as may be amended."

4. The complaint in the Fernandez Lawsuit seeks damages for alleged "bodily injury" arising out of security guard operations at the Britton Apartments, a property that is allegedly owned and operated by the CHA. Therefore, the Designated Security Operations Exclusion precludes coverage for the Fernandez Lawsuit.

5. For the reasons set forth above, as well as Everest's other coverage defenses set forth below, Everest is entitled to a declaration from this Honorable Court that Everest has no defense or indemnity obligation for the Kates Defendants or the CHA for the Fernandez Lawsuit. As a party to this lawsuit, Anthony Fernandez is bound by any such declaration by this Court.

## PARTIES

6. Everest Indemnity Insurance Company is a Delaware corporation with its principal place of business in New Jersey.

7. Kates Detective & Security Services Agency, Inc. is an Illinois corporation with its principal place of business in Illinois.

8. Kates Detective & Security Services Agency And Special Events Services, Inc. is an Illinois corporation with its principal place of business in Illinois.

9. The Chicago Housing Authority (again "CHA") is an Illinois municipal corporation with its principal place of business in Illinois.

10. Nominal defendant, Anthony Fernandez, is a citizen and resident of the State of Illinois.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 2202 because the parties are of diverse citizenship, the amount in controversy exceeds $75,000, exclusive of interest and costs, and Everest seeks declaratory relief with respect to an actual controversy between the parties within this Court's jurisdiction.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this district and a substantial part of the events or omissions giving rise to the insurance coverage claim at issue in this lawsuit arose in this district.

## THE EVEREST POLICY

13. Everest issued to Kates Detective & Security Services Agency, Inc., Commercial General Liability Policy No. 51GL016248-241 for the policy period May 1, 2024 to May 1, 2025 (the "Everest Policy"). (A copy of the Everest Policy with certain redactions is attached as Exhibit A.)

## THE UNDERLYING FERNANDEZ LAWSUIT AND KATES' COVERAGE CLAIM

14. On or about June 20, 2025, Anthony Fernandez filed a Complaint at Law against the CHA in the Circuit Court of Cook County, Illinois captioned, *Anthony Fernandez v. Chicago Housing Authority*, No. 2025 L 007849 (again, the "Fernandez Lawsuit").

15. The complaint in the Fernandez Lawsuit ("Fernandez Complaint") alleges that the CHA "owned and operated" the Britton Budd Apartments located at 501 W. Surf St. in Chicago, Illinois (again the "Britton Apartments") where Anthony Fernandez resided. (A copy of the Fernandez Complaint is attached as Exhibit B.) (*See* Exhibit B at Count I, ¶¶ 1-2.)

16. The Fernandez Complaint alleges that on June 21, 2024, Anthony Fernandez entered the Britton Apartments and asked the security officer at the front desk for a key to the bike room. (Exhibit B at Count I, ¶ 2.)

17. The security officer allegedly left his desk and negligently came in contact with Mr. Fernandez causing Mr. Fernandez to suffer physical and mental distress. *Id.* at Count I, ¶3.

18. The Fernandez Complaint asserts a negligent hiring claim against the CHA, alleging the CHA committed the following wrongful acts and omissions, among others:

> Negligently failed to properly perform a background check of the security guard working at 501 W. Surf;
>
> Negligently failed to properly train the security guard in question at 501 W. Surf; and
>
> Negligently failed to supervise the security guard in question at 501 W. Surf.

*Id.* at Count I, ¶ 5.

19. The Fernandez Complaint asserts claims for vicarious liability and negligence against the CHA, alleging the CHA committed the following wrongful acts and omissions, among others:

> Negligently failed to remain in his assigned room, but approached and entered the area occupied by the Plaintiff without consent and negligently touched the Plaintiff;
>
> Negligently failed to avoid touching Plaintiff so as to cause Plaintiff injury.

*Id.* at Count II, ¶ 7.

20. As a result of one or more of the aforementioned alleged negligent acts and omissions, Mr. Fernandez alleges he suffered severe, permanent injuries for which he seeks damages from the CHA. *Id*. at Count I, ¶ 6; Count II, ¶ 8.

21. The Kates Defendants have advised Everest that the CHA seeks indemnity from the Kates Defendants for the CHA's defense and any settlement or judgment concerning the Fernandez Lawsuit.

22. The Kates Defendants seek indemnity from Everest for any defense costs or other sums Kates is obligated to indemnify the CHA for the Fernandez Lawsuit.

## COUNT I
## ADDITIONAL INSURED COVERAGE
## UNDER THE EVEREST POLICY

23. Everest incorporates by reference Paragraphs 1-22 of its Complaint as if fully set forth herein.

24. The CHA is not named as an insured under the Everest Policy.

25. The Everest Policy contains an endorsement, "Additional Insured – Owners, Lessees Or Contractors – Automatic Status When Required In Agreement With You," which states in part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" but only to the extent caused, in whole or in part, by:
>
> **1.** Your acts or omissions; or
>
> **2.** The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for an additional insured.
>
> A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.
>
> **B.** The insurance afforded to an additional insured shall only include the insurance required by the terms of the written agreement and shall not be broader than the coverage provided within the terms of the Coverage Part.
>
> **C.** The Limits of Insurance afforded to an additional insured shall be the lesser of the following:

5

  **1.**  The Limits of Insurance required by the written agreement between the parties; or

  **2.**  The Limits of Insurance provided by this coverage part.

**D.**  With respect to the insurance afforded to an additional insured, the following additional exclusions apply:

This insurance does not apply to:

  **1.**  "Bodily injury", "property damage" or "personal and advertising injury" arising out of any act or omission of an additional insured or any of its employees.

(Exhibit A at EV000035.)

  26.  Therefore, the CHA qualifies as an additional insured under the Everest Policy only if a Kates Defendant agreed in writing in a contract or agreement that the CHA shall be added as an additional insured under the Everest Policy.

  27.  Should the CHA qualify as an additional insured regarding the Fernandez Lawsuit, the Everest Policy provides coverage to the CHA only with respect to liability for "bodily injury" caused, in whole or in part, by Kates' acts or omissions, or for acts or omissions of those acting on Kates' behalf in the performance of Kates' ongoing operations for the CHA, provided further that coverage is not otherwise excluded. *Id*.

  28.  The Additional Insured Endorsement includes an exclusion stating insurance does not apply to "bodily injury" arising out of any act or omission of an additional insured or any of its employees. *Id*.

  29.  The CHA does not qualify as an additional insured, and Everest has no obligation to defend or indemnify the CHA under the Everest Policy for the Fernandez Lawsuit, to the extent the CHA's liability for bodily injury alleged in the Fernandez Lawsuit was not caused, in whole or in part, by the acts and omissions of a Kates Defendant or the acts or omissions of anyone acting on behalf of a Kates Defendant in the performance of Kates' ongoing operations for the CHA.

## COUNT II
### THE DESIGNATED SECURITY OPERATIONS EXCLUSION PRECLUDES COVERAGE FOR THE CHA

30. Everest incorporates by reference Paragraphs 1-29 of its Complaint as if fully set forth herein.

31. Coverage A of the Everest Policy states, in part, that Everest "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Everest "will have the right and duty to defend the insured against any 'suit' seeking those damages." However, Everest "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." (Exhibit A at EV000014.)

32. The Everest Policy includes an endorsement titled, "Exclusion – Designated Security Operations," (the "Designated Security Operations Exclusion"), which states in part:

**EXCLUSION – DESIGNATED SECURITY OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**EXEMPTED ACTIVITIES SCHEDULE**

| Description of Exempted Activities: |
|---|
|  |

The following exclusion is added to **Paragraph 2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** Operations involving:

\* \* \*

    **k.** Government-owned housing, government-subsidized housing, or government-sponsored housing, including but not limited to

7

>>housing made available under Section 8 of the Housing and Community Development Act of 1974, as may be amended;
>
>> \* \* \*
>
>This exclusion applies regardless of whether such operations are conducted by or on behalf of any insured or whether such operations are conducted for any insured or for others. This exclusion applies regardless of:
>
>> **a.** Where such operations are conducted; and
>>
>> **b.** Whether such operations are ongoing or are included within the "products-completed operations hazard".
>
>However, this exclusion does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the Exempted Activities described in the Exempted Activities Schedule above.
>
>> \* \* \*

(Exhibit A at EV000063-64.)

33. At all relevant times alleged in the Fernandez Complaint, the CHA owned the Britton Apartments.

34. At all relevant times alleged in the Fernandez Complaint, the CHA provided housing subsidies to residents of the Britton Apartments.

35. At all relevant times alleged in the Fernandez Complaint, the CHA provided Section 8 vouchers to residents of the Britton Apartments.

36. At all relevant times alleged in the Fernandez Complaint, the Britton Apartments was a housing property made available under Section 8 of the Housing and Community Development Act of 1974, as may be amended.

37. The Fernandez Lawsuit seeks damages from the CHA for alleged "bodily injury" arising out of security guard operations at the Britton Apartments, a "[g]overnment-owned housing, government-subsidized housing or government-sponsored housing" property. Therefore, the Designated Security Operations Exclusion precludes coverage for the CHA for the Fernandez Lawsuit.

38. Accordingly, Everest has no obligation to defend or indemnify the CHA under the Everest Policy for the Fernandez Lawsuit.

## COUNT III
## THERE WAS NO "OCCURRENCE" AND THE EXPECTED OR INTENDED INJURY EXCLUSION PRECLUDES COVERAGE FOR THE CHA

39. Everest incorporates by reference Paragraphs 1-38 of its Complaint as if fully set forth herein.

40. The Everest Policy defines an "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Exhibit A at EV000027.)

41. The Everest Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Exhibit A at EV000026.)

42. The Everest Policy includes an "Assault and Battery Coverage" endorsement that deletes the Expected or Intended Injury exclusion under Coverage A of the Everest Policy, and replaces the exclusion to state insurance does not apply to:

\* \* \*

    a. **Expected Or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to:

        **(1)**    "bodily injury" resulting from the use of reasonable force to protect persons or property; or

        **(2)**    "bodily injury" or "property damage" resulting from acts of assault and battery actually or allegedly committed by an employee of the named insured for which the named insured is legally responsible. However, this item **(2)** shall apply only with respects to the named insured's liability. We may, at our sole discretion, agree to waive this exclusion as respects to any insured or other person in order to supply certain payments under **SUPPLEMENTARY**

**PAYMENTS – COVERAGES A AND B**.

(Exhibit A at EV000049.)

43. There is no coverage available under the Everest Policy to the extent damages are sought from the CHA for sums that do not constitute "bodily injury," as defined under the Everest Policy. (Exhibit A at EV000026.)

44. The Fernandez Complaint alleges that an employee of the CHA physically contacted Mr. Fernandez allegedly causing him to suffer severe and permanent injuries.

45. As alleged in the Fernandez Complaint, any "bodily injury" at issue in the Fernandez Lawsuit was not caused by an "occurrence," as defined in the Everest Policy. (Exhibit A at EV000027.)

46. Additionally, coverage is barred by the Assault and Battery Coverage endorsement to the extent it is determined that the CHA knew and/or expected or is vicariously liable for the acts and omissions that caused some or all of the alleged "bodily injury" at issue in the Fernandez Lawsuit.

47. Therefore, Everest has no obligation to defend or indemnify the CHA under the Everest Policy for the Fernandez Lawsuit.

## COUNT IV
## NO ERRORS & OMISSIONS COVERAGE FOR THE CHA

48. Everest incorporates by reference Paragraphs 1-47 of its Complaint as if fully set forth herein.

49. To the extent a Kates Defendant entered into a contract with the CHA to perform work at the relevant times alleged in the Fernandez Complaint, upon information and belief, Kates was not required to provide errors and omissions coverage for the CHA and, therefore, there is no potential for coverage for the CHA under the Errors And Omissions Liability Endorsement ("E&O

Endorsement") to the Everest Policy.

50. The Everest Policy's E&O Endorsement states, in part:

\* \* \*

**SCHEDULE**

| Covered Operation(s): | |
|---|---|
| ☐ Alarm Contractor | ☐ Fire Suppression & Extinguishing Contractor |
| ☐ Government Service Contractor | |
| ☐ Private Investigator | ☐ Janitorial Contractor |
| ☐ Pest Control | ☒ Security Guard |

(At least one of the boxes in this schedule must be checked for this endorsement to apply)

Except as modified by this endorsement, all provisions under the Commercial General Liability Coverage Part apply.

\* \* \*

**ERRORS AND OMISSIONS LIABILITY COVERAGE:**

1. **Insuring Agreement**

   We will pay those sums that the insured becomes legally obligated to pay as compensatory damages because of a negligent act, error or omission.

   This insurance applies only if the negligent act, error or omission:

   **a.** Is committed during the policy period in the course of your Covered Operation(s) designated in the Schedule above, whether committed by you or by any person for whom you are legally responsible;

   **b.** Results in a "loss" which occurs during the policy period; and

   **c.** Takes place in the "coverage territory."

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under an applicable Supplemental Payments provision of this coverage part.

2. **Exclusions**

   **I.** For the purposes of insurance provided by this endorsement, the exclusions in the Commercial General Liability Coverage Form, and in all the endorsements, that apply to "bodily injury," "property damage" or "personal and advertising injury" also apply to "loss."

\* \* \*

(Exhibit A at EV000055.)

51. The Fernandez Lawsuit seeks damages from the CHA for alleged "bodily injury," which is not "loss" potentially covered under the E&O Endorsement. (Exhibit A at EV000058.)

52. The E&O Endorsement expressly excludes coverage for "bodily injury." (Exhibit A at EV000057, Exclusion r.)

53. The E&O Endorsement also states that exclusions applicable to the commercial general liability coverage form, and in all endorsements that apply to "bodily injury" also apply to "loss." (Exhibit A at EV000055.)

54. Therefore, to the extent the Fernandez Lawsuit involves any "loss," which it does not, the Designated Operations Exclusion, as well as other coverage defenses cited herein, preclude coverage for the Fernandez Lawsuit under the E&O Endorsement.

55. Accordingly, Everest has no obligation to defend or indemnify the CHA under the E&O Endorsement to the Everest Policy.

## COUNT V (KATES DEFENDANTS)
## THE CONTRACTUAL LIABILITY EXCLUSION

56. Everest incorporates by reference Paragraphs 1-55 of its Complaint as if fully set forth herein.

57. The Everest Policy includes exclusion b. Contractual Liability, which precludes coverage, for:

\* \* \*

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary

12

      litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

      **(a)**    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

      **(b)**    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

(Exhibit A at EV000015, Exclusion b.)

    58.    The Everest Policy defines "insured contract," in part, to include that part of any other contract or agreement pertaining to the insured's business under which the insured assumes the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. The Everest Policy defines tort liability to mean a liability that would be imposed by law in the absence of any contract or agreement. (Exhibit A at EV000026.)

    59.    The Everest Policy further includes a Contractual Liability Limitation endorsement that states an "insured contract" does not include "that part of any contract or agreement that indemnifies any person or organization for liability arising out of the sole negligence of that person or organization." (Exhibit A at EV000065.)

    60.    The Contractual Liability Exclusion precludes coverage under the Everest Policy to the extent any contract between a Kates Defendant and the CHA does not impose liability upon Kates that it would have in the absence of the contract and/or the contract does not constitute an "insured contract" as defined in the Everest Policy.

    61.    Coverage is further precluded under the Everest Policy to the extent a Kates Defendant agreed to defend or indemnify the CHA for liability arising out of the sole negligence of the CHA.

62. Accordingly, Everest has no obligation to indemnify the Kates Defendants under the Everest Policy to the extent the CHA has tendered its defense or indemnity to a Kates Defendant relating to the Fernandez Lawsuit.

63. Should it be determined that a Kates Defendant has any indemnification obligation for the Fernandez Lawsuit relating to a contract between a Kates Defendant and the CHA, the Everest Policy states, in part, that solely for the purpose of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided that liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract", provided further that such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which the Everest Policy applies. (Exhibit A at EV000015, Exclusion b.)

64. Therefore, in the event any contract or agreement provides that an insured Kates Defendant shall defend, or pay defense costs incurred by the CHA for the Fernandez Lawsuit, such costs reduce the available liability limits of the Everest Policy.

**COUNT VII**
**THE DESIGNATED OPERATIONS EXCLUSION**
**PRECLUDES COVERAGE FOR THE KATES DEFENDANTS**

65. Everest incorporates by reference Paragraphs 1-64 of its Complaint as if fully set forth herein.

66. To the extent it is determined Kates owes any contractual obligation to defend or indemnify the CHA regarding the Fernandez Lawsuit, coverage is precluded by the Designated Operations Exclusion as the Britton Apartments is a "[g]overnment-owned, government-subsidized, and government-sponsored housing [property], including but not limited to housing made available under Section 8 of the Housing and Community Development Act of 1974," where

14

security guard operations were conducted. (Exhibit A at EV000063-64.)

67. Accordingly, Everest has no obligation to indemnify the Kates Defendants under the Everest Policy for the Fernandez Lawsuit.

## COUNT VIII
### THERE WAS NO "OCCURRENCE" FROM THE STANDPOINT OF THE KATES DEFENDANTS

68. Everest incorporates by reference Paragraphs 1-67 of its Complaint as if fully set forth herein.

69. There is no coverage available under the Everest Policy to the extent damages are sought for sums that do not constitute "bodily injury," as defined under the Everest Policy. (Exhibit A at EV000026.)

70. As alleged in the Fernandez Complaint, any "bodily injury" at issue in the action was not caused by an "occurrence," as defined in the Everest Policy. (Exhibit A at EV000027.)

71. Therefore, Everest has no obligation to indemnify the Kates Defendants under the Everest Policy for the Fernandez Lawsuit.

## COUNT IX
### NO ERRORS & OMISSIONS COVERAGE FOR THE KATES DEFENDANTS

72. Everest incorporates by reference Paragraphs 1-71 of its Complaint as if fully set forth herein.

73. The Fernandez Lawsuit seeks damages for alleged "bodily injury," which is not "loss" potentially covered under the E&O Endorsement. (Exhibit A at EV000058.)

74. Additionally, the E&O Endorsement expressly excludes coverage for "bodily injury." (Exhibit A at EV000057, Exclusion r.)

75. The E&O Endorsement also states that exclusions applicable to the commercial general liability form and in all endorsements that apply to "bodily injury" also apply to "loss."

15

(Exhibit A at EV000057.)

76. Therefore, to the extent the Fernandez Lawsuit involves any "loss," which it does not, the Designated Operations Exclusion applicable to Coverage A of the Everest Policy, as well as other coverage defenses cited herein, preclude coverage for the Fernandez Lawsuit under the E&O Endorsement.

77. Accordingly, Everest has no obligation to indemnify the Kates Defendants under the E&O Endorsement to the Everest Policy.

## PRAYER FOR RELIEF

WHEREFORE, Everest respectfully requests that this Court enter judgment in its favor and against the Defendants finding and declaring that:

a. Everest has no obligation under the Everest Policy to defend the CHA with respect to the Fernandez Lawsuit;

b. Everest has no obligation under the Everest Policy to indemnify the CHA for any sums the CHA agrees or becomes obligated to pay with respect to the Fernandez Lawsuit, whether by settlement, adverse judgment or otherwise, and regardless whether such sums are paid to Anthony Fernandez or to any other party;

c. Everest has no obligation under the Everest Policy to indemnify the Kates Defendants with respect to any sums a Kates Defendant agrees or becomes obligated to pay in connection with the Fernandez Lawsuit, whether by contract, settlement, adverse judgment or otherwise, and regardless whether such sums are paid to Anthony Fernandez, to the CHA, or any other party;

d. Anthony Fernandez is bound by this Court's judgment and finding that Everest has no coverage obligation under the Everest Policy for the Fernandez Lawsuit; and

e. Everest is entitled to such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Everest demands a trial by jury for all issues so triable.

DATE: December 8, 2025        Respectfully submitted,

                              /s/ Mary F. Licari

                                                One of the Attorneys for
                                                Everest Indemnity Insurance Company

NICOLAIDES FINK THORPE MICHAELIDES
SULLIVAN LLP
Mary F. Licari (ARDC #6193262)
Mark J. Sobczak (ARDC #6300918)
George M. Bravos (ARDC #6345384)
Thomas E. Placzek (ARDC #6336565)
10 South Wacker Drive, 36th Floor
Chicago, IL 60606
Telephone: (312) 585-1400
mlicari@nicolaidesllp.com
msobczak@nicolaidesllp.com
gbravos@nicolaidesllp.com
tplaczek@nicolaidesllp.com

**CERTIFICATE OF SERVICE**

I, the undersigned, certifies that a true and correct copy of the foregoing *Complaint for Declaratory Judgment* was electronically filed with the Court's CM/ECF system, which will cause electronic notification and service of such filing to be sent to all counsel of record on December 8, 2025.

By: */s/ Mary F. Licari*
One of the attorneys for Plaintiff
Everest Indemnity Insurance Company

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
Mary F. Licari (ARDC #6193262)
Mark J. Sobczak (ARDC #6300918)
George M. Bravos (ARDC #6345384)
Thomas E. Placzek (ARDC #6336565)
10 South Wacker Drive, 36th Floor
Chicago, IL 60606
Telephone: (312) 585-1400
mlicari@nicolaidesllp.com
msobczak@nicolaidesllp.com
gbravos@nicolaidesllp.com
tplaczek@nicolaidesllp.com